# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 cr 10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KIMBERLY MICHELLE BISHOP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#31) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her presentence release. The matter further came before the undersigned pursuant to an oral motion made by counsel for the Defendant that even if the undersigned revokes the terms and conditions of presentence release of Defendant, that the undersigned further consider again releasing Defendant to attend an inpatient drug treatment program.

At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Stephen P. Lindsay, and the Government was present through AUSA Tom Ascik. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

1

**Findings**: At the call of this matter, Defendant, by and through her attorney, admitted the allegations contained in the Violation Report that had been filed on May 11, 2016.

On February 12, 2016, the undersigned accepted a plea of guilty of the Defendant to a violation of 18 U.S.C. § 666(a)(1)(A). A hearing was held in regard to the detention of the Defendant on that date and the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) Defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On April 25, 2016, the Defendant submitted to an urinalysis which yielded a positive result for methamphetamine. The test result was confirmed by the National Laboratory.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

  (1) finds that there is----
   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
   (B) clear and convincing evidence that the person has violated any other condition of release; and
  (2) finds that ---
   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
   (B) the person is unlikely to abide by any condition or combination of conditions of release.

  If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

  Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a federal or state crime while on release. Defendant had to possess methamphetamine so she could consume that substance. That possession violated both federal and state law. The consumption of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844. The consumption of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3).

  Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose

a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that required that she refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by using methamphetamine which is a drug which is not prescribed by a licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that would assure that Defendant would not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant would abide by any condition or combination of conditions of release unless she receives inpatient drug treatment.

As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release (#25) previously issued in this matter.

Counsel for Defendant made an oral motion that Defendant be permitted to again be released on terms and conditions of presentence release which would

require her to attend an inpatient drug treatment program. Arrangements had been made by counsel for the Defendant for the Defendant to attend the inpatient treatment program at the McLeod Residential Reentry Center in Charlotte, North Carolina. The Government has no objection to Defendant being released so she can attend this program. Based upon the Government's consent, the undersigned will enter further orders and conditions of release (#37) releasing the Defendant to attend the McLeod Residential Reentry Center inpatient drug treatment program. When the Defendant has completed the program, further proceedings will be held to determine whether or not the Defendant will be continue to be released on further terms and conditions of pretrial release.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of presentence release (#24) & (#25) are hereby **REVOKED** and the oral motion to be released on terms and conditions of presentence release to attend an inpatient drug treatment program is **ALLOWED** and terms and conditions of presentence release (#36) & (#37) are hereby entered to allow Defendant to attend the inpatient drug treatment program. When Defendant has completed this program of treatment, further proceedings will be held to determine whether or not the Defendant will be allowed to be released on terms and conditions of presentence

5

release.

Signed: June 9, 2016

Dennis L. Howell
United States Magistrate Judge